**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| EDWARD POWELL, | : | |
| Plaintiff, | : | C.A. No. 10-996-LPS |
| SGT. PAUL ABERNATHY, individually and in his official capacity, et al. | : | |
| Defendants. | : | |

## MEMORANDUM ORDER

Pending before the Court is Defendants' Motion for Reargument filed pursuant to Local Rule 7.1.5. (D.I. 62) For the reasons set forth below, the Court will grant in part and deny in part the motion.

## I. BACKGROUND

Plaintiff filed a Complaint alleging, *inter alia*, violations of 42 U.S.C. § 1983 and Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12132, et seq., by Defendants. (D.I. 1) On October 15, 2013, Defendants filed a motion for summary judgment on all federal law claims. (D.I. 47) On March 23, 2015, the Court granted in part and denied in part Defendants' motion. (D.I. 58 ("the Opinion"); D.I. 59 ("the Order")) On April 4, 2015, Defendants filed a motion for reargument pursuant to Local Rule 7.1.5. (D.I. 62) On April 14, 2015, Plaintiff filed a response. (D.I. 64)[1]

In the portions of the Opinion relevant here, the Court: (1) denied Defendants Abernathy, Rose, and Stoddart summary judgment on the § 1983 excessive force claims (D.I. 15 at 6-9);

---

[1]On April 21, 2015, Defendants filed a reply. (D.I. 65) The Court does not consider this reply, as the Local Rules do not permit a reply in connection with a motion for reconsideration without leave of court. *See Eames v. Nationwide Mut. Ins. Co.*, 2008 WL 4455743, at *5 (D. Del. Sept. 30, 2008).

(2) denied Defendants Abernathy, Rose, and Stoddart summary judgment on the § 1983 medical needs claims (*id.* at 10-12); (3) held that Defendants Abernathy and Travis are immune from suit under title II of the ADA in their individual capacities (*id.* at 14); and (4) denied Defendants Abernathy and Travis, in their official capacities, summary judgment on Plaintiff's ADA claims. (*Id.* at 15)[2]

## II. LEGAL STANDARDS

A motion for reargument pursuant to Local Rule 7.1.5, which is timely filed and challenges the correctness of a previously entered order, is considered the functional equivalent of a motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure Rule 59(e). *See Corning Inc. v. SRU Biosystems*, 2006 WL 155255, at *1 (D. Del. Jan. 20, 2006). Motions for reargument should be granted sparingly and may not be used to rehash arguments which have already been briefed by the parties and considered and decided by the court. *See Karr v. Castle*, 768 F. Supp. 1087, 1090 (D. Del. 1991); *Brambles USA, Inc. v. Blocker*, 735 F. Supp. 1239, 1240 (D. Del. 1990). Such motions are granted only if it appears that the court has patently misunderstood a party, has made a decision outside of the adversarial issues presented by the parties, or has made an error not of reasoning but of apprehension. *See, e.g., Schering Corp. v. Amgen, Inc.*, 25 F. Supp. 2d 293, 295 (D. Del. 1998); *Brambles*, 735 F.Supp. at 1240. A court may alter or amend the judgment if the movant demonstrates at least one of the following: (1) a change in the controlling law; (2) availability of new evidence not previously available; or (3) a need to correct a clear error of law or fact or to prevent manifest injustice. *See Max's Seafood*

[2]In addition, following the Court's Order, the Court terminated Defendants Ross and Adams, who had not been served.

*Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). Even where one or more of these conditions is satisfied, the Court may deny the motion where it would not alter the outcome. *See Becton Dickinson & Co. v. Tyco Healthcare Group LP*, 2006 WL 890995, at *2 (D. Del. Mar. 31, 2006).

## III. DISCUSSION

Defendants seek relief on multiple grounds.

First, Defendants correctly identify an inconsistency between the Court's Opinion and its Order. (D.I. 62 at 2-3) In the Opinion, the Court held that Defendants Abernathy and Travis were immune from liability under the ADA in their ***individual*** capacities, but also denied Abernathy and Travis' motion for summary judgment of no liability under the ADA in their ***official*** capacities. (*See* Opinion at 15-16) In the Order, however, the Court erroneously stated that the case is moving forward on the ADA claims against Abernathy and Travis in their ***individual*** capacities. (Order at 2) Defendants seek reargument to correct the Order and make it consistent with the Opinion such that the ADA claims against Abernathy and Travis in their ***individual*** capacities are ***not*** any longer in the case. Plaintiff has not responded to this request and evidently does not oppose it. Because the Court's Order is incorrect, Defendants' motion for reargument is GRANTED to the extent that the Order is hereby amended to state that the ADA claims against Abernathy and Travis will go forward against these Defendants only in their ***official*** capacities, and ***not*** in their ***individual*** capacities.

In all other respects, Defendants' motion is denied. Defendants argue that the Court erred in denying summary judgment on the ADA, excessive force, and medical needs claims. In particular, Defendants contend that the Court improperly placed the burden on Defendants to

disprove one element of a claim, improperly weighed the evidence, and improperly relied upon Plaintiff's testimony. (*Id.* at 3-10) Plaintiff disagrees with Defendants on all of these issues. (*See* D.I. 64)

On the issue of burden, Defendants improperly seek by their motion to shift the burden on summary judgment to Plaintiff, contending that summary judgment should be granted on the ADA claims because Plaintiff did not in its summary judgment briefing prove an element that Defendants did not dispute in their opening summary judgment brief. As the Court made clear, Defendants admitted that they did not in their opening summary judgment brief contend that Plaintiff could not satisfy the "qualified individual with a disability" element of an ADA claim. (D.I. 58 at 14 n.6; *see also* D.I. 48 at 18-19; D.I. 52 at 8) It was, thus, no failing by Plaintiff to choose not to address this element in his answering summary judgment brief.[3]

Defendants' remaining arguments – about the Court's purported improper weighing of evidence – are, at bottom, merely rehashes of arguments addressed previously. Essentially, Defendants ask the Court to disregard all of Plaintiff's testimony in support of his claims, as well as other evidence that conflicts with Defendants' view. Defendants' arguments go to credibility and the weight to be accorded to certain evidence, and do not provide a basis for summary judgment.

## IV. CONCLUSION

Accordingly, for the reasons stated above, **IT IS HEREBY ORDERED** that:

1. Plaintiffs' Motion for Reargument Under Local Rule 7.1.5 (D.I. 62) is

---

[3]Defendants' failure to contest this element at summary judgment does not foreclose their ability to contest this element at trial (subject to any future orders of the Court).

**GRANTED** with respect to the ADA claims against Travis and Abernathy in their individual capacities. Summary judgment is granted for Travis and Abernathy in their individual capacities on the ADA claims in accordance with the Memorandum Opinion issued on March 23, 2015. (D.I. 58) The case shall proceed on the Title II ADA claims against Travis and Abernathy in their official capacities.

2. Defendants' Motion for Reargument is **DENIED** in all other respects.

3. Having considered the parties' joint status report (D.I. 66), the Court hereby schedules a three-day jury trial to begin on **December 14, 2015**, with a final pretrial conference on **December 4, 2015 at 11:30 a.m.**, and the proposed final pretrial order due on **November 24, 2015**.

September 24, 2015
Wilmington, Delaware

HONORABLE LEONARD P. STARK
UNITED STATES DISTRICT JUDGE